**E-Filed 12/5/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E.M., a minor, by and through his parents, E.M. and E.M.,<br><br>Plaintiffs,<br><br>v.<br><br>PAJARO VALLEY UNIFIED SCHOOL DISTRICT, OFFICE OF ADMINISTRATIVE HEARINGS, and CALIFORNIA DEPARTMENT OF EDUCATION,<br><br>Defendants. | Case Number C 06-04694 JF<br><br>ORDER[1] (1) GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART<br><br>[re: docket nos. 14, 5] |

Defendant Office of Administrative Hearings ("OAH") moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. Defendant California Department of Education ("CDE") moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Plaintiff E.M., a minor, and his parents, E.M. and E.M. (collectively "E.M.") oppose the motions. The Court heard oral argument on November 9, 2006. For the reasons set forth below, the motions will be

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

granted with leave to amend in part and without leave to amend in part.

## I. BACKGROUND

E.M. alleges the following:[2]  E.M. is a student in the Pajaro Valley Unified School District ("PVUSD").  E.M. suspects that he has a learning disability and might be eligible for special education services.  PVUSD evaluated E.M. on two occasions and twice found him ineligible for special education services.

The CDE contracts with OAH to provide administrative hearings.  On December 5, 2005, E.M. filed a due process complaint against PVUSD with the OAH.  OAH Mot. Dismiss at 6.  The OAH issued a notice of insufficiency and E.M. filed an amended administrative complaint on January 4, 2006.  The mandatory prehearing conference ("PHC") was held on February 23, 2006.  During the PHC, Administrative Law Judge ("ALJ") Skarda informed the parties that he would be conducting the due process proceeding.  E.M. alleges that prior to the PHC he had no notice of the name of the ALJ who would conduct the proceeding.  Immediately following the PHC, E.M. filed a peremptory challenge to ALJ Skarda.  ALJ Skarda denied the motion as untimely.

The due process proceeding commenced on February 28, 2006, and lasted until March 6, 2006.  On March 16, 2006, E.M. filed a closing brief in lieu of making a closing statement.  OAH Mot. Dismiss at 6.  On May 5, 2006, ALJ Skarda issued a decision finding for PVUSD on all issues, holding that PVUSD did not wrongfully deprive E.M. of a free appropriate public education ("FAPE").  Admin. R., Ex. C.

On August 2, 2006, E.M. filed the instant complaint with this Court against PVUSD, OAH and CDE, seeking damages and compensatory educational services.  E.M. asserts the following claims: (1) OAH violated the California Administrative Procedure Act, Cal. Gov. Code § 11512(c), in that ALJ Skarda ruled on the peremptory challenge to himself, thus tainting the due process proceeding; (2) the determination by OAH was wrongly decided; (3) OAH and

---

[2] Alleged facts are taken from E.M.'s complaint unless otherwise noted.

2

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

CDE violated the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq.*,[3] and denied E.M. a FAPE because the ALJ's decision was issued more than forty-five days after the amended complaint was filed; (4) PVUSD violated the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (5) PVUSD violated that Rehabilitation Act, 29 U.S.C. § 701, *et seq.*

## II. DISCUSSION

**A. Claim 1**

OAH moves to dismiss E.M.'s claim 1 for failure to state a claim upon which relief can be granted. A complaint may be dismissed for failure to state a claim upon which relief can be granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *North Star International v. Arizona Corporation Commission*, 720 F.2d 578, 581 (9th Cir. 1983); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395 (C.D. Cal. 1995). However, under the "incorporation by reference" doctrine, the Court may consider documents that are referenced

---

[3] Under IDEIA, any party aggrieved by the due process hearing findings and decision shall have the right to bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to amount in controversy. 20 U.S.C. § 1415(i)(2)(A).

3

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

extensively in the complaint and are accepted by all parties as authentic, even if the documents are not physically attached to the complaint. *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970 (9th Cir. 1999).

E. M. alleges that OAH violated the California Administrative Procedure Act, specifically California Government Code section 11512(c), because ALJ Skarda ruled on the peremptory challenge to himself. E.M. argues that the ALJ's decision is void and asserts that ALJ Skarda's failure to grant E.M.'s peremptory challenge caused OAH to exceed its statutory authority. Alternatively, E.M. argues that this Court should adjudicate the issues raised in his due process complaint *de novo*, according no weight or deference to the ALJ's determination.

An agency that conducts an adjudicative proceeding may provide by regulation for peremptory challenge of the presiding officer. Cal. Gov. Code § 11425.40(d). Pursuant to section 11425.40(d), a party is entitled to one peremptory challenge (disqualification without cause) of an ALJ assigned to an OAH hearing. Cal. Code Regs. tit. 1, § 1034(a). If, at the time of a scheduled prehearing conference, an ALJ has been assigned to the hearing, any challenge to the assigned ALJ shall be made no later than commencement of that prehearing conference. Cal. Code Regs. tit. 1, § 1034(d). A party may contact OAH to determine the name of the ALJ assigned to the hearing. Cal. Code Regs. tit. 1, § 1034(f).

Under California Government Code section 11512(c), any party may request the disqualification of an ALJ by filing an affidavit, prior to the taking of evidence at a hearing, stating with particularity the grounds upon which it is claimed that the ALJ is disqualified. Where the request for disqualification concerns the administrative law judge, the issue shall be determined by the agency itself if the agency itself hears the case with the administrative law judge; otherwise the issue shall be determined by the administrative law judge. Cal. Gov. Code § 11512(c).

An administrative agency has only such powers as have been conferred on it by the constitution or statute, and if it acts in excess of, or in violation of those powers, the action is void and subject to being set aside through a proceeding in administrative mandate. *Dep't of*

4

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

1  *Parks & Recreation v. State Personnel Bd.*, 233 Cal. App. 3d 813, 824 (1991). Under California Code of Civil Procedure § 1094.5(a) a writ of mandate is issued for the purpose of inquiring into the validity of any final administrative decision made as a result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the hearing officer. A court reviews a petition for writ of mandate challenging the validity of a final administrative decision made after a hearing by inquiring whether the agency proceeded in excess of its jurisdiction, afforded petitioner a fair trial, or abused its discretion. Cal. Civ. Proc. Code § 1094.5(b); *Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2nd 1163, 1168 (N.D.Cal. 2003). A claim for writ of mandate is a state law claim. *Pacific Bell Telephone Co. v. City of Walnut Creek*, 428 F. Supp. 2d 1037, 1055 (N.D.Cal 2006).

In this case, E.M.'s challenge to the ALJ's decision based on the ALJ's denial of E.M.'s peremptory challenge must be brought via a petition for a writ of mandate in the state court. This Court declines to exercise supplemental jurisdiction over the matter because if a writ of mandate issues compelling OAH to nullify or rescind its acts, there will be no administrative findings for this Court to review pursuant to IDEIA and thus no subject matter jurisdiction. *See Nat'l Auto & Cas. Ins. Co. v. Downey*, 98 Cal. App. 2nd 586, 593 (1950) (finding that where the superior court in a mandamus proceeding properly determined that the administrative agency had no jurisdiction of the proceedings, the superior court properly refused to determine the issues involved in the proceedings before the administrative agency, since determination of the issues should first be made by the administrative agency, and the administrative agency, not having had jurisdiction, determined no issues); *see also Calif. Teachers Assoc. v. Butte Cmty. College Dist.*, 48 Cal. App. 4th 1293, 1304 (1996) (noting that "[w]hile a board may have exhausted its power to act when it has proceeded within its powers, it cannot be said to have exhausted its power by doing an act which it had no power to do . . . [i]n such a case, the power to act legally has not been exercised, the doing of the void act is a nullity, and the board still has unexercised power to proceed within its jurisdiction").

5

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

1   E.M.'s assertion that this Court should alter its standard of review of an ALJ decision on
2   the basis of a section 11512(c) violation is not cognizable.  When reviewing state administrative
3   decisions, courts must give due weight to administrative judgments regarding education policy.
4   *County of San Diego v. Cal. Special Educ. Hearing Office*, 93 F.3d 1458, 1466 (9th Cir. 1996).
5   Under IDEIA, the court, "in recognition of the expertise of the administrative agency, must
6   consider the findings carefully and endeavor to respond to the hearing officer's resolution of each
7   material issue. After such consideration, the court is free to accept or reject the findings in part or
8   in whole. *Id.* (citing *Ojai Unified School Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993)).
9   "Despite their discretion to reject the administrative findings after carefully considering them,
10  however, courts are not permitted simply to ignore the administrative findings." *Id.* (citing *Ojai*,
11  4 F.3d at 1474).  If the ALJ's decision survives review in a writ of mandate proceeding, this
12  Court must proceed accordingly.

**B.  Claim 3**

OAH moves to dismiss claim 3 for lack of subject matter jurisdiction.  "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*.  In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*.  In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005).  In resolving a factual attack, the Court need not presume the truthfulness of the allegations set forth in the complaint and may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.; *Safe Air*, 373 F.3d at 1039.  Once the moving party has presented affidavits or other evidence tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

6

1   Jurisdictional dismissals in cases premised on federal-question jurisdiction are
2 exceptional in that dismissal usually is inappropriate when the question of jurisdiction is
3 dependant on the resolution of factual issues going to the merits. *Id.* at 1039-40. Under these
4 circumstances, a motion to dismiss for lack of subject matter jurisdiction is appropriate only if
5 the allegations set forth in the complaint are frivolous. *Id*. at 1040. In the instant case
6 jurisdiction is not dependant on the resolution of factual issues going to the merits because
7 E.M.'s appeal from the ALJ's substantive decision is properly before this Court under 20 U.S.C.
8 § 1415(i)(2)(A).

9   E.M. alleges that OAH and CDE violated IDEIA and denied E.M. a FAPE because the
10 ALJ's decision was issued more than forty-five days after the amended complaint was filed.
11 OAH argues that this Court does not have jurisdiction over this allegation because it does not
12 state a case or controversy as required by Article III of the United States Constitution. OAH also
13 asserts that E.M. lacks standing because (a) he fails to allege an injury in fact, (b) he fails to trace
14 causation of his injury to OAH, and (c) this Court does not have the ability to redress his
15 grievance.

16   The irreducible constitutional minimum of standing contains three elements. *Lujan v.*
17 *Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). First, the plaintiff must have suffered an
18 injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized,
19 and (b) actual or imminent, not conjectural or hypothetical. *Id.* Second, there must be a causal
20 connection between the injury and the conduct complained of - the injury has to be fairly
21 traceable to the challenged action of the defendant, and not the result of the independent action of
22 some third party not before the court. *Id.* Third, it must be likely, as opposed to merely
23 speculative, that the injury will be redressed by a favorable decision. *Id.*

24   E.M. alleges that he has been denied a FAPE because of OAH's systematic violation of
25 the time lines established in 34 C.F.R. § 300.511 and Cal. Educ. Code § 56502(f). Prior to
26 October 13, 2006, 34 C.F.R. § 300.511(a) stated that "the public agency shall ensure that not
27 later than 45 days after the receipt for a request for a hearing - (1) [a] final decision is reached in
28

7

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO
AMEND IN PART
(JFEX1)

the hearing; and (2) [a] copy of the decision is mailed to each of the parties."[4]  A public agency includes state education agencies, local education agencies, education service agencies and any other political subdivisions of the state that are responsible for providing education to children with disabilities.  71 Fed. Reg. 46,760 (Aug. 14, 2006) (codified at 34 C.F.R. § 300.33, formerly codified at 34 C.F.R. § 300.22).  California Education Code section 56502(f) states that "[t]he Superintendent [of public instruction] shall take steps to ensure that within 45 days after receipt of the written hearing request the hearing is immediately commenced and completed."  Cal. Educ. Code § 56033 (defining Superintendent).

E.M. emphasizes that procedure is the substance of IDEIA and argues that the violation of the forty-five day time line is a *per se* injury in fact.  E.M. also argues that the ALJ wrongly decided in favor of PVUSD and should have found that E.M. was entitled to special education services, and that the denial of these services (as a FAPE) beyond the forty-five day period constitutes an injury in fact.  E.M. further contends that he is faced with the threat of an injury in fact if he should appear before the OAH again in the future because the forty-five day violation is systematic.

Procedural flaws do not automatically require a finding of a denial of a FAPE; however, procedural inadequacies that result in the loss of educational opportunity do result in the denial of a FAPE.  *W.G. v. Board of Trustees of Target Range School Dist. No. 23*, 960 F.2d 1479, 1484 (9th Cir. 1992) (addressing procedural flaws in the school's preparation of the student's

---

[4] Effective October 13, 2006, revised 34 C.F.R. § 300.511 addresses the impartial due process hearing.  71 Federal Register 46,540, 46,704 (Aug. 14, 2006).  The relevant time line is addressed in the new 34 C.F.R. § 300.515 which states that "[t]he public agency must ensure that not later than 45 days after the expiration of the 30 day period under § 300.510(b) . . . [a] final decision is reached in the hearing; and . . . [a] copy of the decision is mailed to each of the parties."  *Id.* at 46,707.  The new section 300.510(b) provides for a thirty day resolution period following the receipt of the due process complaint.  *Id.* at 46,701.  New section 300.510(b) also specifies that the section 300.515 forty-five day period begins after the thirty day resolution period.  *Id.*

individualized educational placement ("IEP") under IDE[I]A).[5]  In the Ninth Circuit, authority regarding IDEIA procedural flaws deals primarily with errors by school districts in preparing student IEPs.  *See, e.g., Park, ex rel. Park v. Anaheim Union High School Dist.*, 464 F.3d 1025, 1031 (2006) (holding that IDEIA is satisfied if the state complies with IDEIA's procedures and an IEP developed through IDEIA's procedures is reasonably calculated to enable the child to receive educational benefits).  E.M. cites *Blackman v. Dist. of Columbia*, 277 F.Supp. 2d 71 (D.C. Cir. 2003) as "clear precedent" that a time line violation constitutes denial of a FAPE. *Blackman*, which is not binding on this Court, held that the failure to provide an IEP, the failure to hold a due process hearing, or the failure to provide a written determination in a timely manner after requests for an IEP meeting or a hearing have been made constitutes the denial of a FAPE. *Blackman*, 277 F.Supp. 2d at 79 (noting that where there is a denial of a FAPE because no hearing has been held and no determination has been issued, and a proper placement therefore has not been made, there results a *per se* harm to the student).  However, *Blackman* expressly noted that "[w]hile a *slight delay* in the provision of a hearing after a request has been made or a *slight delay* in rendering a decision may be an excusable procedural *infirmity* in some cases, the failure to offer the parents and their children a timely hearing for months after the expiration of the 45-day period . . . crosses the line from process to substance." *Id.* (emphasis added).  The *Blackman* court made reference to a district court decision holding that noncompliance with a procedural regulation, without more, does not establish a denial of a FAPE where there was a thirty-nine day delay in formulating new IEP.  *Id.* at 82 (citing *Andradez v. Dist. of Columbia,* Civil Action No. 02-1439, Memorandum (D.D.C. Jan. 23, 2003)).  However, of critical importance, the school district defendant in *Blackman* "already [had] been held liable in this very case for violating the statute by failing to provide timely due process hearings and decisions to hundreds of class members."  *Id.* at 83 (citing *Blackman v. Dist. of Columbia,* Civil Action No. 97-1629, Opinion at 13 (D.D.C. June 3, 1998)).

---

[5] IDEIA constitutes the re-authorization of the Individuals with Disabilities in Education Act ("IDEA").  Pub.L. No. 108-446, 118 Stat. 2647 (2004).

9

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

In *Massey v. Dist. of Columbia*, 400 F. Supp. 2d 66 (D.C. Cir. 2006) involving the same school district defendant as in *Blackman*, the court held that a procedural violation constituted a denial of a FAPE where the district failed to issue a timely placement for a disabled student, failed to respond appropriately to the parents' request for a due process hearing, and failed to timely hold the resolution session. *Massey*, 400 F. Supp. 2d at 75. The court found that the "litany of the [school district's] failures reveals that it is apparently unable to follow statutory procedures in the first place. Worse yet, [the school district] appears to be incompetent to address, in the manner required by the IDE[I]A, a parent's complaints about those failures." *Id.* at 74.

The instant case is factually distinguishable from *Blackman* and *Massey*. The plaintiffs in these cases were denied *hearings*, not to mention decisions, within the statutory time frame, and the school district already had been held liable for systematic procedural failures in a class action suit. In the instant case a timely hearing did occur pursuant to E.M.'s request; the only alleged procedural defect is the late issuance of the ALJ's decision.[6] The Court concludes that in the instant case the violation of the forty-five day time line does not constitute a per se injury in fact as against either OAH or CDE.[7] Additionally, at least on the facts as presently alleged, any threat of injury that E.M. might suffer in the future if he again appears before the OAH is too hypothetical to constitute an injury in fact.[8] Because it is possible that E.M. could allege additional facts, leave to amend this claim will be granted.

---

[6] The parties dispute exactly how late the decision was. OAH asserts that it was issued thirty-six days beyond the forty-five day period, and E.M. asserts that it was sixty-six days late.

[7] Federal courts are required sua sponte to examine jurisdictional issues such as standing. *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). Both OAH and CDE addressed this issue in oral argument.

[8] Given the Court's conclusion that E.M. has not alleged an injury in fact, the Court need not address the remaining two elements of standing or the parties' additional arguments in support of dismissal of claim 3.

### III. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that the motion to dismiss claim 1 is GRANTED without leave to amend, and the motion to dismiss claim 3 is GRANTED with leave to amend.

DATED: 12/5/2006

_____
JEREMY FOGEL
United States District Judge

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)

1  This Order has been served upon the following persons:

3  Rebecca Phillips Freie         RFreie@cde.ca.gov, JSullivan@cde.ca.gov

5  Mandy G Leigh , NA             mleigh@leighlawgroup.com, eberg@leighlawgroup.com;
                                  jambeck@schinner.com; sfairchild@leighlawgroup.com

7  Laurie E. Reynolds             lreynolds@lozanosmith.com, tdavies@lozanosmith.com

9  Gregory Alan Wedner            gwedner@lozanosmith.com, ssimmons@lozanosmith.com;
                                  mbilleci@lozanosmith.com; lreynolds@lozanosmith.com;
10                                ploftis@lozanosmith.com; dstevens@lozanosmith.com;
                                  JMaddox@lozanosmith.com

12 Peter Marshall Williams        Peter.Williams@doj.ca.gov, Jo.Farrell@doj.ca.gov

12

Case No. C 06-04694 JF
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART
(JFEX1)