1

2                                                          **E-Filed 5/18/07**

3

4

5

6

7

8                                          NOT FOR CITATION

                              **IN THE UNITED STATES DISTRICT COURT**

9

                           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

                                          **SAN JOSE DIVISION**

11

12

| | |
|---|---|
| E.M., a minor, by and through his parents, E.M. and E.M., | Case Number C 06-4694 JF |
| Plaintiffs, | ORDER[1] GRANTING MOTIONS TO DISMISS OF CDE AND OAH WITHOUT LEAVE TO AMEND |
| v. | [re:  docket nos. 40, 42] |
| PAJARO VALLEY UNIFIED SCHOOL DISTRICT, OFFICE OF ADMINISTRATIVE HEARINGS, and CALIFORNIA DEPARTMENT OF EDUCATION, | |
| Defendants. | |

20

21

22        Defendants California Department of Education ("CDE") and Office of Administrative

23   Hearings ("OAH") move to dismiss the sole claim asserted against them in the first amended

24   complaint ("FAC") of E.M., a minor suing by and through his parents ("E.M.").  The Court has

25   considered the briefing as well as the oral argument presented at the hearing on March 9, 2007.

26   For the reasons discussed below, the motions will be granted without leave to amend.

27   _____

28        [1] This disposition is not designated for publication and may not be cited.

1

## I. BACKGROUND

2      This lawsuit arises out of E.M.'s claim that he has been and is being denied a free

3 appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education

4 Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400 *et seq*.  The IDEIA provides that in order to

5 receive federal funding a state must have a policy in effect that assures all children with

6 disabilities the right to a FAPE.  20 U.S.C. § 1412(a)(1).  If a child qualifies for special education

7 services under the IDEIA, the child's instruction is based upon an Individualized Education

8 Program ("IEP").  20 U.S.C. § 1414(d).

9      In California, the responsibility to identify children with disabilities and determine

10 appropriate educational placements and related services through the IEP process is placed by

11 statute on the "district, special education local plan area, or county office" of the child's

12 residence.  Cal. Educ. Code § 56300.  A parent may file an administrative complaint "with

13 respect to any matter relating to the identification, evaluation, or educational placement of the

14 child, or the provision of a free appropriate public education to such child."  20 U.S.C. §

15 1415(b)(6)(A).  Upon the receipt of such administrative complaint, the local educational agency

16 has thirty days to resolve the matter to the parent's satisfaction.  20 U.S.C. § 1415(f)(1)(B)(ii).  If

17 the local educational agency fails to resolve the matter within thirty days, the parent may proceed

18 with an impartial due process hearing conducted by the state educational agency.  20 U.S.C. §§

19 1415(f)(1)(A), 1415(f)(1)(B)(ii).  All applicable timelines for a due process hearing commence

20 upon the expiration of this thirty-day period.  20 U.S.C. § 1415(f)(1)(B)(ii).  In California, the

21 state educational agency, Defendant CDE, contracts with Defendant OAH to conduct these

22 hearings.  Any party aggrieved by the final administrative decision resulting from such due

23 process hearing may seek *de novo* judicial review in a district court of the United States or in a

24 state court of competent jurisdiction.  20 U.S.C. § 1415(i)(2)(A).

25      E.M., a student in Defendant Pajaro Valley Unified School District ("PVUSD"), claims

26 that he is eligible for special education services and has been denied such services by PVUSD.

27 E.M. filed an administrative complaint against PVUSD before the OAH on December 5, 2005,

28 which complaint was rejected for insufficiency.  E.M. filed an amended administrative complaint

2

1   on January 4, 2006, which complaint was deemed sufficient.  An Administrative Law Judge

2   ("ALJ") conducted a prehearing conference on February 23, 2006, and commenced a six-day due

3   process hearing on February 28, 2006.  E.M. claimed among other things that he had been denied

4   a FAPE from 2002 onward, and that his parents were entitled to reimbursement for independent

5   assessments, evaluations and services obtained on behalf of E.M..  The ALJ issued a decision

6   unfavorable to E.M. on May 8, 2006.

7         E.M. filed the instant action on August 2, 2006, and on December 15, 2006 filed the

8   operative FAC asserting the following claims:  (1) an appeal from the ALJ's decision, seeking

9   judicial *de novo* review as to whether E.M. is entitled to special education services and related

10   issues (asserted against PVUSD); (2) failure timely to issue the administrative decision in

11   violation of the IDEIA (asserted against CDE and OAH); (3) violation the Unruh Civil Rights

12   Act, Cal. Civ. Code § 51 by discriminating against E.M. on the basis of ancestry and race in

13   determining that he is not a student with disabilities (asserted against PVUSD); and (4) violation

14   of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. (asserted against PVUSD).  PVUSD answered

15   the FAC on January 4, 2007.  CDE and OAH instead filed the instant motions to dismiss,

16   challenging claim 2, the only claim asserted against them by E.M.  CDE and OAH seek dismissal

17   on the basis of lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure

18   12(b)(1) and on the basis of failure to state a claim pursuant to Federal Rule of Civil Procedure

19   12(b)(6).

## II. LEGAL STANDARDS

### A.      Rule 12(b)(1)

22         "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air For Everyone v.*

23   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the

24   allegations in the complaint are insufficient on their face to invoke federal jurisdiction.  *Id*.  In a

25   factual attack, the moving party disputes the truth of the allegations in the complaint, which

26   otherwise would be sufficient to invoke federal jurisdiction.  *Id*.  In resolving a facial attack, the

27   Court accepts the allegations in the complaint as true.  *Whisnant v. United States*, 400 F.3d 1177,

28   1179 (9th Cir. 2005).  In resolving a factual attack, the Court need not presume the truthfulness

3

1  of the allegations set forth in the complaint and may consider evidence beyond the face of the

2  complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.;

3  *Safe Air*, 373 F.3d at 1039.  Once the moving party has presented affidavits or other evidence

4  tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits

5  or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

6  **B.      Rule 12(b)(6)**

7          A complaint may be dismissed for failure to state a claim upon which relief can be

8  granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

9  a cognizable legal theory.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean*

10 *Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984).  For purposes of a motion to

11 dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in

12 the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Leave

13 to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by

14 amendment.  *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).  When

15 amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp*,

16 90 F.3d 386, 393 (9th Cir. 1996).

17                                    **III. DISCUSSION**

18         In claim 2, E.M. asserts that the ALJ did not issue his due process decision within the

19 statutory forty-five day period.  *See* 34 C.F.R. § 300.515 (formerly codified at 34 C.F.R. §

20 300.511) (providing that the public agency must provide a final decision within forty-five days).

21 As discussed above, all applicable timelines for a due process hearing commence upon the

22 expiration of the thirty-day resolution period.  20 U.S.C. § 1415(f)(1)(B)(ii).  E.M.'s amended

23 administrative complaint was filed on January 4, 2006.  The thirty-day resolution period expired

24 February 3, 2006, at which time the forty-five day period was triggered.  The forty-five day

25 period expired March 20, 2006.  The ALJ did not issue his final due process decision until May

26

27

28

Case No. C 06-4694 JF
ORDER GRANTING MOTIONS TO DISMISS OF CDE AND OAH WITHOUT LEAVE TO AMEND
(JFLC2)

1   8, 2006, forty-nine days later.[2]  E.M. asserts in claim 2 that both CDE and OAH are responsible

2   for this delay and that the delay caused him injury.

3        This Court previously granted Defendants' motions to dismiss E.M.'s claim based upon

4   the forty-five day period with leave to amend after concluding that the ALJ's failure to comply

5   with the forty-five day period did not constitute a *per se* injury and that E.M. had not alleged

6   sufficient facts demonstrating actual injury arising from the delay in the issuance of the ALJ's

7   decision.  Order of 12/15/06 at 10.  E.M. has reasserted his claim, alleging that he "experienced

8   harm every day that his decision was delayed," FAC ¶ 98, and that "[e]ach day that the OAH

9   thoughtlessly avoided producing a decision in accordance with the law, was a day that Plaintiff's

10  disability was unremediated," FAC ¶ 101.

11       Defendant OAH construes the Court's order as permitting amendment only with respect

12  to the threat of future injury in the event he again appears before OAH, and argues that E.M.'s

13  addition of allegations regarding past injury is impermissible.  OAH's reading of the order is

14  narrower than was intended by the Court; the Court intended to afford E.M. the opportunity to

15  allege any facts that might demonstrate injury in fact resulting from the failure to issue a due

16  process decision within the forty-five day period.

17       The Court concludes that E.M. has failed to cure the defect of his original complaint.

18  E.M.'s allegations to the effect that he "experienced harm every day that his decision was

19  delayed," FAC ¶ 98, ignore the fact that OAH determined that he already was receiving a FAPE.

20  As OAH points out, E.M. would not have obtained any additional educational benefits had the

21  ALJ's decision been rendered within the forty-five day period.  E.M. may, of course, prevail

22  upon his claim for *de novo* review of the ALJ's decision and thereby obtain an adjudication that

23  he has been deprived of education benefits to which he was entitled.  However, the injury

24  flowing from such deprivation would flow from the *substance* of the ALJ's decision, not from

25  the fact that the decision was rendered after the expiration of the statutory forty-five day period.

26  _____

27       [2] E.M. asserts that the ALJ's decision was issued sixty-six days late, while OAH asserts
    that the decision was issued thirty-six days late.  These discrepancies in calculation do not affect
28  the Court's analysis.

Case No. C 06-4694 JF
ORDER GRANTING MOTIONS TO DISMISS OF CDE AND OAH WITHOUT LEAVE TO AMEND
(JFLC2)

1   Accordingly, the Court will dismiss claim 2 without leave to amend on the ground that E.M. has

2   not cured the deficiency identified in the Court's prior order, namely, the failure to demonstrate

3   injury in fact arising from the issuance of the due process decision beyond the forty-five day

4   deadline.

5          An additional basis exists for dismissing claim 2 against CDE.  CDE is not alleged to

6   have directly participated in the due process proceedings before OAH.  E.M. seeks to establish

7   liability against CDE solely on the basis of his allegation that CDE is the "supervising

8   department for OAH."  FAC ¶ 4.  E.M. has not cited any case law for the proposition that CDE is

9   liable for OAH's failure to meet the forty-five day timeline or, indeed, for the proposition that

10  CDE in fact has supervisory responsibility over OAH.  E.M.'s theory seems to be that, because

11  CDE is statutorily required to ensure a FAPE to every child, and because CDE contracts with

12  OAH to conduct administrative due process proceedings, CDE *de facto* is the "supervisor" of

13  OAH such that CDE can be held liable for OAH's procedural deficiencies.  E.M. relies heavily

14  on California Education Code § 56476, which reads in its entirety as follows:

15         The Governor or designee of the Governor, in accordance with paragraph (12) of
           subsection (a) of Section 1412 of Title 20 of the United States Code and Section
16         300.142 of Title 34 of the Code of Federal Regulations, shall ensure that each
           agency under the Governor's jurisdiction enters into an interagency agreement
17         with the superintendent to ensure that all services that are needed to ensure a free
           appropriate public education are provided.
18

19  Cal. Educ. Code § 56476.  E.M. argues that "[i]t logically follows that if CDE must 'ensure' that

20  all 'services' are provided, that CDE must have to 'supervise' agencies by which it enters into

21  contracts with to ensure compliance."  Opp. at 7.  The Court is unpersuaded that this language is

22  sufficient to render CDE liable for OAH's failure to comply with the forty-five day timeline,

23  even if such failure were sufficient to give rise to a cognizable claim against OAH.

24

25

26

27

28

1

**IV. ORDER**

2        The motions to dismiss claim 2 brought by CDE and OAH are GRANTED WITHOUT

3  LEAVE TO AMEND.

4

5

6

7  DATED:  5/18/07

8

9                                                        JEREMY FOGEL
                                                          United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1   This Order has been served upon the following persons:

2

3   Sarah Fairchild      sfairchild@leighlawgroup.com, sjfairchild@earthlink.net

4

5   Rebecca Phillips Freie      RFreie@cde.ca.gov, JSpitz@cde.ca.gov

6

7   Howard Alan Friedman      hfriedman@fagenfriedman.com, astarcks@fagenfriedman.com

8   Mandy G Leigh , NA      mleigh@leighlawgroup.com, jambeck@schinner.com;
    sfairchild@leighlawgroup.com
9

10  Laurie E. Reynolds      lreynolds@fagenfriedman.com, tdavies@lozanosmith.com

11

12  Kimberly Anne Smith      ksmith@fagenfriedman.com, cperez@fagenfriedman.com

13

14  Peter Marshall Williams      Peter.Williams@doj.ca.gov, Jo.Farrell@doj.ca.gov

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-4694 JF
ORDER GRANTING MOTIONS TO DISMISS OF CDE AND OAH WITHOUT LEAVE TO AMEND
(JFLC2)