1

2                                                         **E-Filed 6/2/2008**

3

4

5

6

7

8                          NOT FOR CITATION

                **IN THE UNITED STATES DISTRICT COURT**
9

                **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

                          **SAN JOSE DIVISION**
11

12

| | |
|---|---|
| E.M., a minor, by and through his parents, E.M. and E.M., | Case Number C 06-4694 JF |
| Plaintiffs, | ORDER[1] GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD |
| v. | |
| PAJARO VALLEY UNIFIED SCHOOL DISTRICT, OFFICE OF ADMINISTRATIVE HEARINGS, and CALIFORNIA DEPARTMENT OF EDUCATION, | [re:  docket no.  ] |
| Defendants. | |

20

21                          **I. BACKGROUND**

22          This lawsuit arises out of E.M.'s claim that he has been and is being denied a free

23   appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education

24   Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400 *et seq*.  The IDEIA provides that in order to

25   receive federal funding a state must have a policy in effect that assures all children with

26   disabilities the right to a FAPE.  20 U.S.C. § 1412(a)(1).  If a child qualifies for special education

27   _____

28          [1] This disposition is not designated for publication and may not be cited.

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)

1  services under the IDEIA, the child's instruction is based upon an Individualized Education

2  Program ("IEP").  20 U.S.C. § 1414(d).

3      In California, the responsibility to identify children with disabilities and determine

4  appropriate educational placements and related services through the IEP process is placed by

5  statute on the "district, special education local plan area, or county office" of the child's

6  residence.  Cal. Educ. Code § 56300.  A parent may file an administrative complaint "with

7  respect to any matter relating to the identification, evaluation, or educational placement of the

8  child, or the provision of a free appropriate public education to such child."  20 U.S.C. §

9  1415(b)(6)(A).  Upon the receipt of such administrative complaint, the local educational agency

10  has thirty days to resolve the matter to the parent's satisfaction.  20 U.S.C. § 1415(f)(1)(B)(ii).  If

11  the local educational agency fails to resolve the matter within thirty days, the parent may proceed

12  with an impartial due process hearing conducted by the state educational agency.  20 U.S.C. §§

13  1415(f)(1)(A), 1415(f)(1)(B)(ii).  All applicable timelines for a due process hearing commence

14  upon the expiration of this thirty-day period.  20 U.S.C. § 1415(f)(1)(B)(ii).  In California, the

15  state educational agency, California Department of Education ("CDE"), contracts with Defendant

16  OAH to conduct due process hearings.  Any party aggrieved by the final administrative decision

17  resulting from a due process hearing may seek *de novo* judicial review in a district court of the

18  United States or in a state court of competent jurisdiction.  20 U.S.C. § 1415(i)(2)(A).

19      E.M., a student in Defendant Pajaro Valley Unified School District ("PVUSD"), claims

20  that he is eligible for special education services and has been denied such services by PVUSD.

21  E.M. filed an administrative complaint against PVUSD before Office of Administrative Hearings

22  ("OAH") on December 5, 2005, which complaint was rejected for insufficiency.  On January 4,

23  2006, E.M. filed an amended administrative complaint, which was deemed sufficient.  An

24  Administrative Law Judge ("ALJ") conducted a prehearing conference on February 23, 2006, and

25  commenced a six-day due process hearing on February 28, 2006.  E.M. claimed among other

26  things that he had been denied a FAPE from 2002 onward, and that his parents were entitled to

27  reimbursement for independent assessments, evaluations and services obtained on behalf of

28

2

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)

1   E.M.. The ALJ issued a decision unfavorable to E.M. on May 8, 2006.

2         E.M. filed the instant action on August 2, 2006, and on December 15, 2006, filed the

3   operative FAC asserting the following claims:  (1) an appeal from the ALJ's decision, seeking

4   judicial *de novo* review as to whether E.M. is entitled to special education services and related

5   issues (asserted against PVUSD); (2) a claim for violation of the IDEIA (asserted against CDE

6   and OAH), based upon the ALJ's alleged failure timely to issue the administrative decision; (3) a

7   claim for violation the Unruh Civil Rights Act, Cal. Civ. Code § 51; and (4) a claim for violation

8   of the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq*. (asserted against PVUSD).  On May 18, 2007,

9   the Court dismissed the second claim without leave to amend.

10         E.M. moves to supplement the administrative record of the due process hearing that is the

11   subject of this action.  E.M. asserts that at the hearing the ALJ improperly determined that the

12   District was correct in dismissing its initial IQ test performed by psychologist Leslie Viall as

13   unreliable.  E.M seeks to introduce testimony from Dr. Alan Kaufman regarding the reliability of

14   these results.  E.M. also seeks to introduce recent assessment, ADHD diagnosis and school

15   grades.  Defendants oppose E.M's motion.

16   **III. DISCUSSION**

17         The IDEIA provides in pertinent part that "the court shall hear additional evidence at the

18   request of a party, and, basing its decision on the preponderance of the evidence, shall grant such

19   relief as the court determines is appropriate."  20 U.S.C. § 1415(i)(2)(C)(ii).  "The Ninth Circuit

20   has construed 'additional' evidence to mean supplemental information.  Therefore, witnesses

21   before the district court may not repeat or embellish their prior administrative hearing

22   testimony.'" *K.S. v. Fremont Unified Sch. Dist.*, No. 06-7218, 2007 WL 2554658 at *4 (N.D.

23   Cal. Sept. 4, 2007) (internal citations to *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467 (9th Cir.

24   1993) omitted).

25        The reasons for supplementation will vary; they might include gaps in the
     administrative transcript owing to mechanical failure, unavailability of a witness,

26        an improper exclusion of evidence by the administrative agency, and evidence
     concerning relevant events occurring subsequent to the administrative hearing.

27        The starting point for determining what additional evidence should be received,
     however, is the record of the administrative proceeding.

28

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)

1   *Ojai*, 4 F.3d at 1473.

2       In his decision, the ALJ states that the "crux of the dispute . . . is whether the District

3 used the correct intellectual ability score. . . when it determined that Student was not eligible . . ."

4 Decision ¶23.  E.M. argues that Dr. Kaufman's testimony should be admitted because it will

5 assist the Court in determining whether the ALJ correctly excluded the results of the K-ABC

6 assessment.  E.M. also alleges that he was unable to present Dr. Kaufman's testimony previously

7 because he learned for the first time at the due process proceeding that the District would present

8 arguments about the viability of the K-ABC test.[2]  Accordingly, the Court will admit the

9 proposed declaration from Dr. Kaufman for the limited purpose of adducing the significance of

10 the K-ABC score. Defendants may submit an expert declaration in rebuttal, should they wish to

11 do so.

12       E.M. also argues his recent assessment, ADHD diagnosis and grades should be admitted

13 because this evidence will shed light on the correctness of  the ALJ's determination.[3]

14 Defendants argue that this evidence is not relevant to the Court's analysis of the diagnosis during

15 the relevant time period.   "In deciding what evidence may be introduced to supplement the

16 record, courts should be mindful not to transform proceedings into a trial de novo. *Ojai*, 4 F.3d

17 at 1473. ("The determination of what is 'additional' evidence must be left to the discretion of the

18 trial court which must be careful not to allow such evidence to change the character of the

19

20

21     [2] Defendants assert that all of the appropriate procedures were followed and that
Plaintiff's full due process rights were insured.  Pursuant to the regulations governing the formal

22 hearing procedures before the OAH, the parties in this case exchanged lists of documentary
evidence, witness and scope of witness testimony prior to the due process hearing.  It is clear that

23 E.M.'s legal representatives knew that E.M.'s eligibility and the meaning of the various
assessments were at issue because they presented the claim in their request for a due process

24 hearing.

25     [3] E.M. also contends that this evidence is relevant to fashioning appropriate relief

26 pursuant to 20 U.S.C. § 141415(e), which provides courts with discretion to "grant such relief as
the court determines is appropriate."   However, he does not cite any authority indicating that the

27 Court's discretion to fashion appropriate relief has any bearing on the issue of whether to admit
supplemental evidence.

28

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)

1   hearing from one of review to a trial de novo."). The Ninth Circuit has held that educational

2   programs are reviewed not in hindsight but in light of the information available at the time the

3   program was developed. *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1993) ("Actions of the

4   school system cannot . . . be judged exclusively in hindsight."). Because the Court concludes

5   that the after-acquired evidence E.M. seeks to introduce is not necessary to evaluate the ALJ's

6   determination, it will not be admitted.

7          IT IS SO ORDERED.

8

9

10

11   DATED: June 2, 2008

12

13                                                        _____
                                                          JEREMY FOGEL
14                                                        United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                  5

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)

1   This Order has been served upon the following persons:

2

3   Sarah Fairchild      sfairchild@leighlawgroup.com, sjfairchild@earthlink.net

4

5   Rebecca Phillips Freie      RFreie@cde.ca.gov, JSpitz@cde.ca.gov

6

    Howard Alan Friedman      hfriedman@fagenfriedman.com, astarcks@fagenfriedman.com
7

8   Mandy G Leigh , NA      mleigh@leighlawgroup.com, jambeck@schinner.com;

9   sfairchild@leighlawgroup.com

10

    Laurie E. Reynolds      lreynolds@fagenfriedman.com, tdavies@lozanosmith.com
11

12   Kimberly Anne Smith      ksmith@fagenfriedman.com, cperez@fagenfriedman.com

13

    Peter Marshall Williams      Peter.Williams@doj.ca.gov, Jo.Farrell@doj.ca.gov
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 06-4694 JF
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SUPPLEMENT THE ADMINISTRATIVE
RECORD
(JFLC1)