**E-Filed 10/17/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E.M., a minor, by and through his parents, E.M. and E.M., <br><br> Plaintiffs, <br><br> v. <br><br> PAJARO VALLEY UNIFIED SCHOOL DISTRICT, OFFICE OF ADMINISTRATIVE HEARINGS, and CALIFORNIA DEPARTMENT OF EDUCATION, <br><br> Defendants. | Case Number C 06-4694 JF <br><br> ORDER[1] DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND REMANDING CASE TO ALJ FOR FURTHER PROCEEDINGS <br><br> [re: doc. nos. 101 and 105] |

     Plaintiff E.M., a student in Defendant Pajaro Valley Unified School District ("PVUSD"), seeks to reverse a decision of the California Office of Administrative Hearings ("OAH"), in which an administrative law judge ("ALJ") affirmed the district's determination that E.M. is ineligible for special education services. PVUSD seeks an order upholding the ALJ's decision. The parties have filed cross-motions for summary judgment. For the reasons set forth below, the Court will deny both motions and will remand the case to the ALJ for further proceedings

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 06-4694 JF
ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT ETC.
(JFLC1)

consistent with this order.

**I. The Individuals with Disabilities Education Act (20 U.S.C. § 1400 *et seq.*)**

E.M.'s complaint arises under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* (2004). Under the IDEA, states must provide a free appropriate public education ("FAPE") to all students with disabilities. *See* 20 U.S.C. § 1412(a)(1). This obligation includes implementation of a "child find" program, which "requires the State to design a program to identify and provide services to children with special educational needs." *Miller ex rel. Miller v. San Mateo-Foster City Unified Sch. Dist.*, 318 F. Supp. 2d 851, 853 (N.D. Cal. 2004) (citing 20 U.S.C. § 1412(a)(3)).[2] A key component of the child find concept is that school districts have an affirmative duty, even in the absence of a parental request, to identify children who may be eligible (and could benefit from) a special education program. *See* 20 U.S.C. § 1412(a)(3)(A) ("All children with disabilities … are [to be] identified, located and evaluated.").

If a student is determined to be eligible for special education services, the school district must design an individualized education plan ("IEP") for that student. 20 U.S.C. § 1414(d). Parents have the right to participate in both the development and continued implementation of their child's IEP. 20 U.S.C. § 1415(b). If parents disagree with a school district regarding "any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child," they are entitled to an impartial due process hearing before a state agency. 20 U.S.C. § 1415(b)(6)(A), (f). If the parents disagree with the results of the administrative hearing before the state agency, an appeal may be brought in a district court. 20 U.S.C. § 1415(i)(2)(A).

In considering an appeal of an administrative decision regarding the rights of a student with alleged disabilities, the reviewing court shall review the full administrative record and may consider additional evidence upon the request of the parties. 20 U.S.C. § 1415(i)(2)(C). The

---

[2] California's implementation of IDEA is codified at Cal. Educ. Code §§ 56000 *et seq*. The child find obligations and determination of appropriate educational remedies are performed by the "district, special education local plan area, or county office" of the child's residence. Cal. Educ. Code § 56300.

court shall then render a decision based upon the preponderance of the evidence, and may grant relief if appropriate. *Id*. The factual findings of the administrative agency should be given "due weight." *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206 (1982). "Judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). Instead, the "due weight" standard allows a court to make its own factual findings in addition to those made by the administrative agency. *Ms. S. ex rel. G. v. Vashon Island School Dist.*, 337 F.3d 1115, 1126 (9th Cir. 2003). Increased deference may be given where the findings of the administrative agency "are thorough and careful." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994); *Ojai*, 4 F.3d at 1476. If the administrative agency's findings are supported by a preponderance of the evidence, such findings should be affirmed. *Ojai*, 4 F.3d at 1474.

## II. PROCEDURAL HISTORY

E.M. has been a student in PVUSD's regular education programs since kindergarten. In August 2004, shortly before E.M. entered the fifth grade, his mother requested that PVUSD evaluate whether E.M. was eligible for special education services. PVUSD responded by assembling an IEP assessment team, which determined that E.M. was ineligible for special education services. In the spring of 2005, E.M.'s mother requested a second assessment, and PVUSD conducted a second review in June 2005. The assessment team again determined that E.M. did not require special education services, and accordingly it denied this second request for an IEP.

On December 5, 2005, E.M. filed an administrative complaint with the Special Education Division of the OAH, challenging PVUSD's denial of special education services. E.M. filed an amended administrative complaint on January 4, 2006, which alleged that he had been denied a FAPE in violation of the IDEA. The ALJ assigned to the matter conducted a prehearing conference on February 23, 2006, and a six-day due process hearing commenced on February 28, 2006. On May 5, 2006, the ALJ issued a decision finding in favor of PVUSD on all issues. The

ALJ's decision contained both Factual Findings ("FF") and Legal Conclusions ("LC"), and determined, *inter alia*, that PVUSD had fulfilled its child find obligations and that E.M. is not eligible for special education services.

E.M. appealed the ALJ's decision by commencing the instant action on August 2, 2006. E.M.'s first amended complaint ("FAC"), filed December 15, 2006 against PVUSD and the California Department of Education ("CDE"), alleged that the decision was both substantively and procedurally flawed.  The Court subsequently dismissed the substantive claims against CDE as well as all allegations related to procedural defects.  The operative second amended complaint ("SAC"), filed June 12, 2008, asserts that the ALJ erred substantively when he ruled in favor of PVUSD.  Following limited augmentation of the record, the parties then filed the instant cross motions for summary judgment.

### III.  DISCUSSION

Administrative decisions in cases brought under IDEA should be supported by "fairly detailed findings...to permit courts to review those decisions intelligently." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984).  E.M. asserts that the decision at issue here was both conclusory and contrary to the overwhelming amount of anecdotal evidence presented during the administrative hearing.  Essentially, E.M. contends that the conclusory statements within the ALJ's decision demonstrate that the ALJ improperly ignored probative evidence presented during the administrative hearing.  As explained below, the Court agrees that several of the ALJ's findings are conclusory and fail to articulate adequately their underlying reasoning.

#### A.  Test Data

E.M. argues that the ALJ considered only one set of diagnostic test scores as the dispositive indicator of eligibility for special education services, to the exclusion of other test scores and qualitative indicators such as report card comments and anecdotal testimony provided by E.M.'s teachers.  If this is true, the ALJ's decision would violate the statutory requirement that "no single measure or assessment is used as the sole criterion for determining whether a pupil is an individual with exceptional needs or determining an appropriate educational program for the

4

pupil." Cal. Educ. Code § 56320(e).

In support of his argument, E.M. directs the Court's attention to FF Paragraph 30, in which the ALJ stated:

> Because Student did not exhibit a severe discrepancy between ability and achievement, he was not eligible for special education and related services as a student with a specific learning disability. Moreover, because Student was not eligible for special education and related services, he was not entitled to a FAPE.

The augmented administrative record shows that during E.M.'s IEP assessment, several different types of IQ tests were administered, including the Kaufman Assessment Battery for Children ("K-ABC") and the Wechsler Intelligence Scale for Children ("WISC"). PVUSD's assessment team ultimately used only E.M.'s WISC score in its determination of ineligibility. The ALJ concurred with this decision on the part of PVUSD in his determination, and the conclusion set forth in FF Paragraph 30 appears to be based only upon E.M.'s WISC score. E.M. contends that had the K-ABC test been considered, an impartial factfinder would have concluded that E.M. requires special education services.

Without resolving whether the ALJ's ultimate determination was correct, the Court agrees that FF Paragraph 30 of the ALJ Decision does not provide sufficient analysis with respect to the testing issue. *See Vincent*, 739 F.2d at 1394; 20 U.S.C. § 1415(f)(3)(E)(i). *See also Hunter v. District of Columbia*, No. 07-695, 2008 WL 4307492, at *10 (D.D.C. Sept. 17, 2008) ("It is a central principle of administrative law that the agency must base its decision on the record; ignorance of one party's central contention robs that decision of being described as a principled review of what the record revealed."). While a verbatim discussion of all the evidence heard is not required, *see Vincent*, 739 F.2d at 1395, the ALJ should set forth more completely his reasoning as to why the WISC test was favored over the K-ABC, as well as his approach to evaluating all of the quantitative test data in light of the mixed results of that data.

### B. Additional Factual and Legal Findings

For similar reasons, the Court also concludes that FF Paragraphs 8, 14, 21, 30, 33, 35, and 37 and LC Paragraphs 14, 15, 16, and 19 require further analysis and explanation. Additional discussion by the ALJ will be of great value in this Court's determination as to whether E.M. is

5

entitled to special education services. *See Ms. S.*, 337 F.3d at 1126 ("The court, in recognition of the expertise of the administrative agency, must consider the findings carefully and endeavor to respond to the hearing officer's resolution of each material issue. After such consideration, the court is free to accept or reject the findings in part or in whole.").

## IV.  ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' cross motions for summary judgment are denied, and the matter is REMANDED to the ALJ for further proceedings consistent with this order.[3]

DATED: October 17, 2008

JEREMY FOGEL
United States District Judge

---

[3] At oral argument, the Court ruled on a motion to strike and several requests for judicial notice. The Court (1) granted E.M.'s motion to strike portions of PVUSD's expert declaration as to statements made by Dr. Sattler as well as an attached press release regarding Dr. Sattler; (2) granted E.M.'s motion to supplement the expert declaration of Dr. Kaufman but denied E.M.'s motion to supplement as to the exhibits attached to the supplemental declaration; (3) granted E.M.'s request for judicial notice of an administrative law decision; and (4) denied all of E.M.'s remaining requests for judicial notice, with the understanding that the Court will take judicial notice of the actual Diagnostic and Statistical Manual of Mental Disorders.

This Order has been served upon the following persons:

Sarah Fairchild     sfairchild@leighlawgroup.com, sjfairchild@earthlink.net
Rebecca Phillips Freie     RFreie@cde.ca.gov, JSpitz@cde.ca.gov
Howard Alan Friedman     hfriedman@fagenfriedman.com, astarcks@fagenfriedman.com
Mandy G Leigh, NA     mleigh@leighlawgroup.com, jambeck@schinner.com; sfairchild@leighlawgroup.com
Laurie E. Reynolds     lreynolds@fagenfriedman.com, tdavies@lozanosmith.com
Kimberly Anne Smith     ksmith@fagenfriedman.com, cperez@fagenfriedman.com
Peter Marshall Williams     Peter.Williams@doj.ca.gov, Jo.Farrell@doj.ca.gov

Case No. C 06-4694 JF
ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT ETC.
(JFLC1)